UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DARYLE IVORY WASHINGTON                                                               PLAINTIFF

VERSUS                                                           CIVIL ACTION NO. 1:15CV141-RHW

MELVIN BRISOLARA                                                                     DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Sheriff Melvin Brisolara's motion for summary judgment requesting dismissal of Plaintiff's 42 U.S.C. § 1983 prisoner civil rights complaint. Doc. [25]. In his complaint, Plaintiff Daryle Ivory Washington alleges that he suffered injuries resulting from a slip and fall caused by Defendant's negligence. Doc. [1]. Defendant argues that Plaintiff failed to exhaust administrative remedies prior to filing the lawsuit because he did not initiate the grievance process with regard to the alleged slip and fall and/or the allegedly defective condition that caused his slip and fall. Doc. [15] & [26]. The Court conducted a screening hearing on February 2, 2016, at which time the parties consented to jurisdiction by a United States Magistrate Judge. Doc. [23]; Minute Entry (2/2/2016).

### Factual and Procedural Background

At the time of the slip and fall incident, Plaintiff was a pre-trial detainee at the Harrison County Adult Detention Center (HCADC). He alleged that on April 30, 2014, standing water from a busted pipe caused him to slip and fall. Doc. [1] at 4-5. As a result of the fall, he alleges that he sustained injuries to his back, neck, and head. *Id.* In his complaint, Plaintiff checked a box indicating that he completed the Administrative Remedy Program regarding the incident and explained that he "was scheduled for more extensive test but never received it." *Id.* at 3.

In support of his motion for summary judgment, Defendant submitted an affidavit from

Deborah Whittle, the grievance officer at HCADC, who explained the grievance process at the jail.  Doc. [25-1].  According to Whittle, she was not the grievance officer at the time of the alleged incident;  however, she searched the records and found no record of a Level III grievance submitted by Plaintiff with respect to the slip and fall.  *Id.* at 2-3.  Defendant also submitted an affidavit from Jennifer Moran, who was the grievance officer at HCADC at the time of the alleged slip and fall incident.  Doc. [28-1].  Moran confirmed the statements made in Whittle's affidavit.  She also stated that based on her review of the grievance records there is no record of Plaintiff submitting a Level III grievance based on the alleged slip and fall incident.  *Id.* at 2.

## Law and Analysis

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010).  Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does no exist as a matter of law, . . . all other contested issues of fact are rendered immaterial.  *See Celotex,* 477 U.S. at 323, 106 S. Ct. at 2552." *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).  In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party.  *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion.  *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).  The movant accomplishes this by

informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burned of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.,* 584 F.2d 111, 114 (5th Cir. 1978).

Exhaustion of administrative remedies through the prison grievance system is a jurisdictional prerequisite for lawsuits filed pursuant to 42 U.S.C. § 1983. *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001).

> No action shall be brought with respect to prison conditions under section 1993 of this title, or any other Federal, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are exhausted.

42 U.S.C. § 1997e(a). The Fifth Circuit takes a "strict approach" to the exhaustion requirement. *See Johnson v. Ford*, 261 Fed. Appx. 752, 755 (5th Cir. 2008). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630 (5th Cir. 2003). Dismissal is appropriate where an inmate has failed to properly exhaust the administrative grievance procedure before filing his complaint. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement. The grievance process must be carried through to its conclusion before suit can be filed under the Prison Litigation Reform Act. *Wright*, 260 F.3d at 358.

The uncontradicted summary judgment evidence demonstrates that Plaintiff did not exhaust administrative remedies through the HCADC grievance process prior to filing his lawsuit.  The affidavits of Whittle and Moran both constitute summary judgment evidence supporting the proposition that Plaintiff failed to exhaust.  In his response in opposition to the motion for summary judgment, Plaintiff argues that he did file a grievance based on the busted pipe that caused him to slip and fall;  however, he concedes that he did not fully exhaust administrative remedies.  Doc. [27] at 2.  Specifically, Plaintiff states that "before he was able to completely exhaust all the steps in his ARP, Washington was called to the Wardens office", where he alleges that the Warden made a deal to get him to dismiss his ARP.  *Id*. at 2-3.  Plaintiff states that only after not receiving the promised relief did he file the instant § 1983 complaint.  *Id.* at 3.  Regardless of the circumstances surrounding his decision not to exhaust administrative remedies, the affidavits of Whittle and Moran, along with Plaintiff's own admission that he did not completely exhaust administrative remedies, compel the Court to grant Defendant's motion for summary judgment.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant's [25] Motion for Summary Judgment is GRANTED and that Plaintiff's 42 U.S.C. § 1983 civil rights complaint is dismissed without prejudice for failure to exhaust administrative remedies.

SO ORDERED, this the 22nd day of July, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE